UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| Jason Robert Harvey, | § | CASE NO. 16-12022-whd |
| | § | |
| Debtor. | § | |
| | § | |
| _____ | § | _____ |
| | § | |
| CC Financing, LLC, | § | ADVERSARY PROCEEDING |
| | § | NO. |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Jason Robert Harvey, | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW, CC Financing, LLC ("CC"), creditor and party in interest in the above styled case, and by and through its counsel of record, files this Complaint to Determine Dischargeability of Debt.  In support thereof, CC respectfully show this Court as follows:

1.

Jason Robert Harvey (the "Debtor") filed for relief under Chapter 7 of Title 11 of the United States Code on October 6, 2016.

2.

This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I) and is being brought in connection with the above captioned Chapter 7 Case No. 16-12022-whd now pending in this Court. This Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§157 and 1334, 11 U.S.C. § 523 and Local Rule 1070-1, Northern District of Georgia.  Venue

is proper in this Court pursuant to 28 U.S.C. § 1409, et seq.

3.

The Debtor is subject to the jurisdiction and venue of this Court. The Debtor may be

served with process in this Adversary Proceeding by mailing a copy of the Summons and Complaint

by First Class U.S. Mail, postage pre-paid to Jason Robert Harvey, 15 Henley Lane, Newnan,

Georgia 30263; and by and through his counsel of record, Christopher Carouthers, Esq.,

Christopher Carouthers and Associates; Suite 131, 2250 North Druid Hills Road, Atlanta, Georgia

30329 or by such other means as may be permitted by Rule 7004 of the Federal Rules of

Bankruptcy Procedure.

**PARTIES**

4.

CC Financing, LLC, Plaintiff, is a limited liability company organized and existing under

the laws of the State of Georgia, with its principal place of business located at 200 N. Cobb

Pkwy, Building 300, Suite 316, Marietta, GA 30062.

5.

Defendant Jason Harvey is a resident of Coweta County, Georgia and may be served at

his residence located at 15 Henley Lane, Newnan, Georgia 30263.

**FACTS**

6.

On October 18, 2013 Defendant Jason Harvey approached Plaintiff's representative, David

Kyle Cooper (hereinafter "Kyle Cooper") about a real estate investment deal in Liberty County,

Georgia, where the parties would purchase certain real property; subsequently sell said real

property; and, split any profits derived therefrom (hereinafter the "Liberty County Deal"). The

parties memorialized the terms of this agreement in writing on October 29, 2013 (the "Liberty County Agreement"). A true and correct copy of the Liberty County Agreement is attached and incorporated by reference as Exhibit "A". The parties also agreed that $100,000.00 of this earnest money would be subject to a promissory note (the" Liberty County Promissory Note"). A true and correct copy of the Liberty County Promissory Note is attached hereto and incorporated by reference as Exhibit "B".

7.

To purchase the underlying real property for the Liberty County Deal, Defendant Jason Harvey requested that Plaintiff advance him the earnest money required in the real estate sale contract in the amount of Two Hundred Thousand Dollars ($200,000).  This contract for sale of the subject real property had previously been entered into between Defendant's company, Founders Holdings, LLC (Plaintiff holds a judgment against both Founders Holdings, LLC and Jason Harvey for the facts alleged herein) as buyer and unrelated third party Oak Creek Developments, LLC, as seller.  The total sales price of the subject Liberty County property was One Million One Hundred Thousand Dollars ($1,100,000). A true and correct copy of the Liberty County Sales Contract is attached hereto and incorporated by reference as Exhibit "C".

8.

Prior to the Liberty County Deal, Defendant Jason Harvey, while employed at Paran Homes, LLC, and as a representative thereof, worked together with Plaintiff and directly with Plaintiff's representative, Kyle Cooper, on various landscaping projects throughout year 2013.

9.

Also, Defendant Jason Harvey, in his sole capacity, had worked with Plaintiff and Plaintiff's representative, Kyle Cooper, on a real estate technology application that would improve

certain sectors of the real estate repair field. Throughout the parties' past dealings, Jason Harvey had always conducted himself in a respectable businesslike manner.

10.

Due to the goodwill Jason Harvey had built with Plaintiff, in response to Jason Harvey's request that Plaintiff advance the earnest money for the Liberty County purchase, on October 21, 2013, Plaintiff transferred funds via bank wire in the amount of $200,000 to Founders Holdings, LLC's bank account at Bank of America. Plaintiff and Founders agreed that Founders was to then transfer the same $200,000 to the escrow agent named in the contract for the Liberty County property dated October 18, 2013 as the required earnest money.

11.

Jason Harvey confirmed that the $200,000 was received in Founders' bank account and sent an email to Plaintiff's representative, Kyle Cooper, with a picture of the bank account balance.

12.

Neither Defendant Jason Harvey nor Founders ever transferred Plaintiff's $200,000 to the escrow agent as earnest money as required.

13.

Defendant Jason Harvey, individually and as the representative for Founders, sporadically corresponded with Plaintiff's representative, Kyle Cooper, through March 29, 2014; each time informing Mr. Cooper that the Liberty County Deal was still being worked out.

14.

With a string of emails beginning March 25, 2014, Mr. Harvey began purposefully misleading Plaintiff that he initiated a wire transfer to Plaintiff's bank account for the entire amount owed. On March 29, 2014 Defendant Jason Harvey wrote an email to Kyle Cooper that Plaintiff's money was still in Founders' bank account; hence, Jason Harvey never transferred Plaintiff's money to the escrow agent named in the contract for the Liberty County property. A true and correct copy of these emails is attached hereto as Exhibit "D".

15.

In the same March 29, 2014 email from Defendant Jason Harvey to Kyle Cooper, Harvey stated that he held on to Plaintiff's money to get a home loan on his house.

16.

Despite numerous demands, Defendant never returned any portion of Plaintiff's $200,000. Defendant stands unjustly enriched in the amount of $200,000 directly to the detriment of the Plaintiff. Defendant never intended to honor his obligation to pay his debt to Plaintiff and fraudulently converted the funds for his own enjoyment and use.

17.

In admitting to hold Plaintiff's  money for the personal reason of securing a home loan, Jason Harvey, individually, stripped himself and Founders of protections afforded under the GA Limited Liability Company Act, as fraudulently attaining money for the purpose of an individual home loan would not be a valid business purpose under the act.

18.

On April 14, 2014, Plaintiff filed a lawsuit in the Superior Court of Coweta County against Jason Harvey and his company, Founders Holdings, LLC, Case No. 2014-SU-V-391-EP (the "State Court Action").

19.

Defendant failed to Answer the Complaint filed by Plaintiff in the State court Action. As a result, the Superior Court of Coweta County entered a default judgment on July 18, 2014 in the amount of $206,305.00 against Defendant for fraud. A true and correct copy of the Default Judgment is attached hereto and incorporated by reference as Exhibit "E".

20.

On January 5, 2016, Plaintiff recorded a Writ of Fieri Facias (the "FiFa") with the Clerk of the Superior Court of Coweta County. A true and correct copy of the FiFa is attached hereto and incorporated by reference as Exhibit "F".

**COUNT I - 11 U.S.C. §523(a)(2)(A)**

21.

Plaintiffs reallege and incorporates herein by reference paragraphs 1 through 20 of this Complaint as if fully stated herein.

22.

11 U.S.C. § 523(a)(2)(A) provides that a discharge under Section 727 of the Bankruptcy Code "does not discharge an individual debtor from any debt . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

23.

Pursuant to 11 U.S.C. § 523(c)(1), on request of the creditor to whom such debt is owed, and after notice and a hearing, the bankruptcy court may determine such debt to be excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

24.

On October 18, 2013 Defendant Jason Harvey, with intent to defraud Plaintiff, represented to Plaintiff's representative, Kyle Cooper, that Defendant needed Two Hundred Thousand Dollars ($200,000) to remit as earnest money for the Liberty County Deal. He further falsely represented that such funds would immediately be remitted to the escrow agent for purchase of the real property pursuant to the Liberty County Sales Contract.

25.

The representations were known by Defendant to be false.  In truth, Defendant Jason Harvey held Plaintiff's money in Founders' bank account for his own personal use and for the purpose of obtaining a home loan for his personal residence.

26.

Plaintiff believed and reasonably relied upon the false representations of the Defendant; which included, *inter alia,* that Defendant would remit the money to the escrow agent for the Liberty County purchase, and thus Plaintiff was induced to wire $200,000 dollars to Founders' bank account.

27.

Plaintiff's reliance upon the false representations was justifiable and reasonable because Plaintiff and Plaintiff's representative had conducted business with Defendant Jason

Harvey in the past, both personally and as a representative of his former employer, Paran Homes, LLC.

28.

Defendant is liable to Plaintiff for the $206,305.00 judgment awarded to it by the Superior Court of Coweta County on July 18, 2014, plus interest at the appropriate post-judgment rate pursuant to Georgia law until the debt is paid in full.

29.

Based on the foregoing, the debt owed by Defendant to Plaintiff should be held non-dischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(2)(A).

30.

The doctrine of collateral estoppel seeks to prevent the re-litigation of issues previously contested and determined by a valid and final judgment in another court. *Caitlin Energy, Inc. v. Rachel (In re Rachel)*, 527 B.R. 529, 537 (Bankr. N.D.Ga. 2015)(citing *Estate of Newton v. Lemmons (In re Lemmons)*, 2005 WL 6487216, at *2 (Bankr.N.D.Ga.2005)). The doctrine of collateral estoppel applies to non-dischargeability proceedings. *Id.* (*citing Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). When reviewing a superior court judgment under the doctrine of collateral estoppel, a federal court must accord the judgment the same preclusive effect as it would be given under the law of the state in which the judgment was rendered. *Id.*

31.

This Court must, therefore, turn to Georgia law to determine the preclusive effect of the Superior Court Judgment against the Debtor. *Id.* "While collateral estoppel may foreclose relitigation of issues decided in prior judicial proceedings, the ultimate issue of dischargeability

is a legal question over which the bankruptcy court has exclusive jurisdiction." *Id.* (citations omitted). Under Georgia law, a party may only assert the doctrine of collateral estoppel when the following elements have been satisfied: (1) identity of the parties is the same; (2) identity of the issues is the same; (3) actual and final litigation of the issue in question occurred; (4) the adjudication was essential to the earlier action; and (5) the parties had a full and fair opportunity to litigate the issues in question. *Id.*

32.

In this case, the identity of the parties is the same, the issues are the same (fraud), actual and final litigation occurred, the adjudication was essential to the State Court Action, and the Debtor/Defendant had a full and fair opportunity to litigation the issues of fraud. "Georgia law recognizes a default judgment as a judgment on the merits entitled to preclusive effect." *Id.* At 538 (citing *McKelvey v. Murray (In re Murray)*, 2009 WL 6527593, at *2 (Bankr. N.D.Ga. 2009)). The default judgment was not appealed, and Defendant Harvey made numerous attempts to avoid post-judgment discovery. As a result, Defendant is collaterally estopped from re-litigating the issues related to the fraud her perpetrated against Plaintiff, and Plaintiff is entitled to a determination that Defendant's debt is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

**COUNT II - 11 U.S.C. §523(a)(4)**

33.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 32 of this Complaint as if fully stated herein.

34.

11 U.S.C. 523(a)(4) provides that a debtor may not be granted a discharge from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

35.

By their Liberty County Agreement, Plaintiff gave Jason Harvey, through Founders, $200,000.00 to be held in escrow until the sale of the property subject to the Liberty County Sales Contract.

36.

Through the Liberty County Agreement, Defendant Harvey agreed to act as a fiduciary with Plaintiff's $200,000.00 by agreeing to transmit those funds to an escrow agent. By failing to do so, Defendant breached his fiduciary duty to Plaintiff.

37.

By fraudulently converting Plaintiff's funds that had been entrusted to him for his own use and enjoyment, Defendant embezzled Plaintiff's funds under 523(a)(4).

38.

Defendant is liable to Plaintiff for the $206,305.00 judgment awarded to it by the Superior Court of Coweta County on July 18, 2014, plus interest at the appropriate post-judgment rate pursuant to Georgia law until the debt is paid in full.

39.

Based on the foregoing, the debt owed by Defendant to Plaintiff should be held non-dischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(4).

## COUNT III - 11 U.S.C. §523(a)(6)

40.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 39 of this Complaint as if fully stated herein.

41.

11 U.SC. 523(a)(6) provides that a discharge under section 727 of the bankruptcy code "does not discharge an individual debtor from any debt . . . (6) for willful and malicious injury by the debtor to another entity or property of another entity."

42.

Defendant's conversion of Plaintiff's funds for his own personal benefit was an intentional and willful act.

43.

Defendant knew that such funds were to be earmarked for the Liberty County Agreement. Instead of sending the funds to the escrow agent, Defendant knowingly and maliciously converted such funds for his own use.

44.

Defendant willfully and maliciously injured Plaintiff's property in the amount depicted in Plaintiff's judgment against Defendant.

45.

Based on the foregoing, the debt owed by Defendant to Plaintiff should be held non-dischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(6).

WHEREFORE, Plaintiffs pray that this Court Order as follows:

(a)    the entry of a judgment and order determining that Defendant's debt to Plaintiff

shall be excepted from discharge, pursuant to 11 U.S.C. §523(a) and (c)(1);

(b)    that Plaintiff has such other and further relief as this Court deem just and

proper.

Respectfully submitted, this 9th day of November, 2016.

/s/ Will B. Geer
Georgia Bar No. 940493


Law Office of Will B. Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
T: 678-587-8740
F: 404-287-2767
willgeer@willgeerlaw.com
Attorney for the Plaintiff

## AGREEMENT

CC FINANCING, LLC (hereinafter "CC Financing"), a limited liability company organized under the laws of the State of Georgia, and FOUNDERS HOLDING, LLC (hereinafter "Founders"), a limited liability company organized under the laws of the State of Georgia, hereinafter collectively referred to as the "Parties" enter into the following agreement (hereinafter also referred to as the "Agreement"):

## RECITALS

A. The Parties are listed as purchasers in the sale of certain real property known as Oak Creek Development, which is in Savannah, GA (hereinafter the "Property");

B. That the earnest money in the amount of Two Hundred Thousand Dollars ($200,000) in the contract for sale will be contributed in full by CC Financing;

C. Upon the Parties' purchase of the Property they intend to sell it at a point in the future for monetary gain;

D. That the purpose of this Agreement is to memorialize the agreement between the Parties regarding the disposition of the earnest money and any gains upon the ultimate sale of the Property;

E. NOW, THEREFORE, in consideration of the foregoing, of the mutual covenants, promises and agreements contained in the Agreement, and of other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties to this Agreement, intending legally to be bound, covenant, promise and agree as set forth below.

## AGREEMENT

### I. DISTRIBUTIONS OF EARNEST MONEY AND FUTURE GAINS

The Parties agree that they have entered into a separate agreement to purchase the aforesaid and identified real property for an agreed upon sum of money with the seller, who is not a party to this Agreement. Further, that earnest money in the amount of $200,000 is to be contributed by CC Financing and remitted to seller of the Property. It is the Parties' intention, and each does hereby agree that at some point in the future, after acquiring the Property and thereafter re-selling the Property to a third party, CC Financing will receive its $200,000 earnest money back, and the same shall be taken off the top of the closing sale proceeds. Then the Parties will split the remaining closing sale proceeds in two separate and equal 50% shares between them.

At the conclusion of this Agreement, upon the ultimate resale of the Property and distribution of proceeds therefrom, neither CC Financing nor Founders will be beholden to the other in any regards. This Agreement does not create a perpetual joint venture and shall not apply to other business dealings of either Party.

f. Further Assurances and Corrective Instruments. The Parties agree to execute, acknowledge, seal and deliver, after the date of this Agreement, without additional consideration, such further assurances, instruments and documents, and to take such further actions, as the parties shall request in order to fulfill the intent of this Agreement and the transactions contemplated by this Agreement.

g. Severability. Any provision in this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Agreement or affecting the validity or enforceability of such provisions in any other jurisdiction.

h. Governing Law. This Agreement is made in and shall be governed by and construed and interpreted in accordance with this laws of the State of Georgia.

i. Execution in Parts. This Agreement may be executed by the parties in one or more counterparts by manual or electronic signature or by use of one or more physical or electronic copies that are either physically delivered or electronically transmitted, and all of which, when taken together, constitutes one and the same original of the Agreement.

Date: __10 -29 - 2013__                    Date: __10/25/13__

CC FINANCING, LLC                          FOUNDERS HOLDING, LLC

By: _____                    By: _____
    (Signature)                                (Signature),

    __Kyle Cooper__                            __Jason Harvey__
    (Print Name)                               (Print Name)

    __President.__                             __President__
    (Capacity/Position)                        (Capacity/Position)

## PROMISSORY NOTE

October 21, 2013

$100,000.00

FOR VALUE RECEIVED, the undersigned (hereinafter referred to as "Maker") promises to pay to the order of **CC Financing**, a Georgia limited liability company (hereinafter referred to as "Payee"), at Payee's office at 200 North Cobb Pkwy, Building 300, Suite 316, Marietta, Georgia 30062, or at such other place as the holder hereof may designate, the principal sum of One Hundred Thousand and No/100 Dollars ($100,000.00), together with interest on so much of the principal balance of this Note as may be outstanding and unpaid from time to time, calculated on the basis of a 360-day year and actual days elapsed, at the rate or rates per annum indicated below.

The unpaid principal balance of this Note shall bear interest from the date hereof until paid in full at a rate per annum equal to ZERO PERCENT (0.0%), except as provided below.

The principal balance of this Note shall be repayable on February 28, 2014 (the "Alternative Maturity Date").

During the existence of any Event of Default under this Note, the unpaid principal and accrued interest balance of this Note shall bear interest on each day until paid at the rate of TWELVE PERCENT (12.0%) per annum. All payments or prepayments on this Note shall be applied, first, to interest accrued on this Note through the date of such payment or prepayment and then to principal.

The provision of the Alternative Maturity Date is not intended, and shall not be construed, to affect or impair the demand nature of this Note.

Maker may prepay this Note in whole or in part at any time without penalty or premium.

If any proceeding be instituted by or against Maker alleging that he is insolvent, unable to pay his debts as they mature, or not generally paying his debts as such debts become due; or if any proceeding be instituted by or against Maker under the Federal Bankruptcy Code or any successor statute; or if any proceeding be instituted seeking the appointment of a receiver or trustee for all or any portion of Maker's property; or if any proceeding affecting the rights of creditors generally be instituted by or against Maker, this Note, without demand or notice of any kind, immediately shall become due and payable. This paragraph is in addition to and in no way a limitation upon any other rights of Payee under this Note, any other instrument between Payee and Maker, or applicable law.

This Note and Maker's indebtedness hereunder are secured by that certain Assignment of Sales Contract of even date herewith, executed by Maker in favor of Payee, together with any and all modifications thereof and amendments thereto. This Note and Maker's indebtedness hereunder are also secured by any and all security interests, security titles or other liens which Payee may now or hereafter have or acquire in or to any present or future real or personal property assets of Maker, except to the extent that this Note and Maker's indebtedness hereunder are expressly excluded from the coverage of any such lien under the terms of the security agreement, security deed, assignment, mortgage or other collateral document which granted such lien.

-3-

In case this Note is collected by or through an attorney-at-law, all costs of collection, including reasonable attorney's fees, shall be paid by Maker.

In no event shall the amount or rate of interest due and payable under this Note exceed the maximum amount or rate of interest allowed by applicable law (including, without limitation, O.C.G.A. § 7-4-18) and, in the event any such excess payment is made by Maker or received by Payee, such excess sum shall be credited as a payment of principal (or if no principal shall remain outstanding, shall be refunded to Maker). It is the express intent hereof that Maker not pay and Payee not receive, directly or indirectly or in any manner, interest in excess of that which may be lawfully paid under applicable law. All interest (including all charges, fees or other amounts deemed to be interest) which is paid or charged under this Note shall, to the maximum extent permitted by applicable law, be amortized, allocated and spread on a pro rata basis throughout the actual term of this Note and any extension or renewal hereof.

Time is of the essence.

Demand, presentment, notice, notice of demand, notice for payment, protest and notice of dishonor are hereby waived by each and every maker, guarantor, surety and other Person or entity primarily or secondarily liable on this Note.

Payee shall not be deemed to waive any of its rights unless such waiver be in writing and signed by Payee. No delay or omission by Payee in exercising any of its rights shall operate as a waiver of such rights and a waiver in writing on one occasion shall not be construed as a consent to or a waiver of any right or remedy on any future occasion.

This Note shall be governed by and construed and enforced in accordance with the laws of the State of Georgia. Wherever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

Words importing the singular number hereunder shall include the plural number and vice versa, and any pronoun used herein shall be deemed to cover all genders. Without limiting the generality of the foregoing, should more than one person execute this Note as maker, the words "Maker", "he" and "his" as used herein shall include all such persons collectively and each such person individually, and each maker shall be jointly and severally liable hereunder. "Person" as used herein means any individual, corporation, partnership, limited liability company, joint venture, association, joint stock company, trust, unincorporated association or government or any agency or political subdivision thereof.

The word "Payee" as used herein shall include transferees, successors and assigns of Payee, and all rights of Payee hereunder shall inure to the benefit of its transferees, successors and assigns. All obligations of Maker shall bind his heirs, legal representatives, successors and assigns.

-3-

SIGNED, SEALED AND DELIVERED by the undersigned as of the day and year first above set forth.

**FOUNDERS HOLDING, LLC**

Witness: _____

By: _____ (SEAL)
Jason Harvey, Managing Member

Address:    1172 14th Place NE
Atlanta, GA 30309

Witness: _____

_____ (SEAL)
**Jason Harvey, individually**

Address:    1172 14th Place NE
Atlanta, GA 30309

STATE OF GEORGIA
COUNTY OF LIBERTY                    SALES CONTRACT

THIS WRITING made and executed this 18th day of October, 2013, by
and between OAK CREEK DEVELOPMENTS, LLC, a Georgia limited liability
company having an agent and an office in Liberty County, Georgia, (Harold R.
Rogers, III, 5088 Leroy Coffer Highway, Fleming, Georgia 31309) hereinafter
referred as SELLER; and Founders Holding, LLC, 1172 14th Place North East
Atlanta, Ga. 30309. (Jason Harvey – Managing Member) hereinafter referred to
as PURCHASER;

WITNESSETH:

That Seller agrees to sell and Purchaser agrees to purchase, for the price
and upon the terms hereinafter set forth, the following described real property:

OAK CREEK DEVELOPMENTS

That tract of land containing eighty eight and four hundred ninety nine
one-thousandths ( 88.499 ) acres, more or less, and  being bound on the North
by The Colonies at Habersham Plantation ( the property of HCLM, LLC ); East
and Southeast by lands of North Lyman Hall, LLC; and Southwest and West by
the right of way of Habersham Road.

This tract is subject to an easement forty feet in width for a gas
transmission line of Atlanta Gas Light Company.

A plan for the proposed subdivision of said property entitled PHASE II
HABERSHAM PLANTATION prepared by T. R. Long Engineering showing a total
of 105 proposed lots (five lots west of gasline and 100 lots East of same) is
attached hereto as Exhibit A and incorporated herein by reference thereto. The

1

property includes all improvements presently made to the property, and it shall be the responsibility of Purchaser to complete all improvements ( or provide appropriate bonds for performance) , and meet all other requirements for approval of said lots by Liberty County in accordance with the Liberty County Subdivision Regulations and Zoning Ordinance.

The property shall include a perpetual non-exclusive easement for ingress and egress and the right to locate utilities in the right of way of Habersham Road from State Route 196 to the intersection of said Habersham Road with the second entrance to the proposed one hundred five (105) lots on Exhibit A. It shall be the responsibility of Purchaser to complete the improvements including gravel and paving of Habersham Road from the end of the existing pavement within the Colonies at Habersham Plantation to the second entrance to the proposed lots (or provide bond).

The Oak Creek property is part of Liberty County Tax Parcel 182-005.

The above lands will be conveyed subject to and together with the covenants described in documents described as follows:

1) A Warranty Deed from North Lyman Hall, LLC to Lyman Hall, LLC dated the 15th day of February, 2007, recorded in Deed Book 1453, pp. 630-632, Liberty County Records.

2) An Access and Utility Easement made by Lyman Hall, LLC and North Lyman, LLC dated the 15th day of February, 2007, recorded in DB 1453, pp. 640-642, said records.

3) A Declaration of Easements made by and between North Lyman Hall, LLC and Lyman Hall, LLC dated the 15th day of January, 2008, recorded in DB 1516, pp. 30-44, said records.

4) A right of way easement made by North Lyman Hall, LLC and Oak Creek Developments, LLC the 9th day of March, 2009, recorded in D. B.1575, pp. 574-576, said records.

2

5)      Certain rights, easements, and agreements pertaining to water and sewer service described in a Warranty Deed from HCLM, LLC to W & D UTILITES, INC. dated the 12th day of December, 2012, recorded in Deed Book 1757, pp. 280-283.

The Purchase price of the property shall be One Million One Hundred Thousand Dollars ($1,100,000.00) (The Purchase Price) to be paid in full at or before closing. At the execution of this contract Purchaser shall pay a refundable earnest money deposit of Two Hundred Thousand Dollars (200,000.00) (The Earnest Money) by wire transfer to the escrow account of A. G. Wells, Jr., Ga. Bar # 747650, Acct name: Crawford GP, ABA #061000104, account # 1000158473735, (Suntrust).

Possession of the property shall be delivered to Purchaser at closing. However, during the term that this contract is pending, Purchaser, its employees and agents, may go upon the property for the purpose of surveying, appraisals, engineering, soil tests, and other activities incidental to planning Purchasers future use of the property. Purchaser shall refrain from any waste or damage to the property during such entry, and shall be liable for restoration of any damages to the property during its entry upon same.

Either party to this contract shall have the right to assign and/or transfer its rights under this contract, but such transfer or assignment shall in no way alter the rights or obligations of the parties hereto. The exclusive right to Purchase the above described lands as herein provided shall attach to the Real Estate and shall not defeated by any transfer of the property while the contract is pending.

Time is of the essence of this contract and the parties shall do all things required hereby and pay all sums required within Ninety days of the date hereof. The closing of this contract shall be at a time within Ninety days of the date of this writing at a time and place to be agreed upon by A. G. Wells, Jr., Attorney for

3

Sellers, and Bo Strickland, Attorney for Purchaser. An extension of 30 days may be granted if agreed upon in writing by both parties.

At the closing of this transaction, Seller will convey the Property to Purchaser by Warranty Deed free and clear of all liens and encumbrances, except the matters above stated. The property is subject to certain Deeds to Secure Debt from Sellers to The Heritage Bank and the debt secured thereby shall be satisfied at closing. Not later than three days prior to closing, Seller shall provide to Purchaser, or their attorney, a letter from The Heritage Bank stating the sum that shall be required to satisfy said debt. Also, Seller are indebted to Liberty County for ad valorem taxes and Sellers will provide to Purchaser, or their attorney, a statement from the Liberty County Tax Commissioner stating the amount required to pay all unpaid, but due, taxes. The 2013 taxes shall be pro rated. The Seller will pay the real estate transfer tax, and Purchaser shall all other closing costs. Each party shall pay such attorneys fees as they shall incur.

During the term of this contract Purchaser shall have an opportunity to examine the title to the property, and not less than twenty days prior to closing shall provide to A. G. Wells, Jr. by regular mail any objections to title and such objection shall be satisfied at or before closing. Any objection shall be deemed satisfied if Seller provide evidence that an ALTLA title insurance company will insure the title over such objection. Should any objection to title be a condition that is curable by payment of a sum of money that less than the Purchase price, same shall be cured at closing. If it cannot be satisfied by payment of such sum, this contract shall be rescinded and the earnest money shall be refunded to Purchaser in full.

Seller represents that there are no known hazardous materials, as defined by applicable government regulations, present upon the property, nor any violation of environmental regulations. The parties acknowledge that a portion of

4

the property is wetlands subject to regulations and that such shall not constitute a title defect.

The property does not include any structures that are insurable. There are certain proposed roadways cleared and graded upon the property, including the private roadway known as Habersham Road, and certain other roadways proposed to be used as roads for future development within the property described herein. Also, Seller and W & D Utilities, Inc. have installed water distribution lines and sewer collection lines within the lands of Oak Creek Developments, LLC and Sellers warrant that Purchaser shall not be liable for any unpaid bills for the installation of such water and sewer lines except for future tap fees ($2500.00 including water and sewer collection) and user fees as set forth in the above noted Deed from HCLM, LLC to W & D UTILITIES, INC, plus the sum of two thousand five hundred dollars ($2,500.00) per lot to HCLM, LLC, or its successors in interest for connection to the drainfield system to be constructed upon other lands of HCLM, LLC, to serve the 105 proposed lots and other lots in the area.

Seller further agrees that Purchaser shall have the right of first refusal to purchase any part of the of the adjoining property (688 acres more or less – Liberty County Parcel 183-001) owned by North Lyman Hall, LLC.

Any notices required to be given with reference to this contract shall delivered by mail to:

To Seller:                          To Purchaser:

A.  G. Wells, Jr.

3035 John Wells Rd                  Founders Holdings, LLC

Hinesville, Ga. 31313               1172 14th Place North East

                                    Atlanta, Ga. 30309

5

IN WITNESS WHEREOF the parties have hereunto set their hands and affixed their seals this day and year above written.

SELLER:

Oak Creek Developments, LLC

Harold R. Rogers, III

Managing Member

PURCHASER:

Founders Holdings, LLC

Jason Harvey.

Managing Member

8

 Property Masters                                        Kyle Cooper <kyle@propertymasters.com>

---

# IMG_5207-1.png

16 messages

---

**Jason Harvey** <jharvey4128@gmail.com>                        Tue, Mar 25, 2014 at 2:32 AM
To: Kyle Cooper <kyle@propertymasters.com>

My sleep hours are all messed up with the meds so apologies for emailing late. I forgot to send this over earlier. Funds
hit my account. BoA has your wiring instructions. Thanks.

Sent from my iPhone



**IMG_5207-1.png**
117K

---

**Kyle Cooper** <kyle@propertymasters.com>                        Tue, Mar 25, 2014 at 7:55 AM
To: Jason Harvey <jharvey4128@gmail.com>

What about the contract docs?

Kyle Cooper
Property Masters
200 N. Cobb Pkwy
Building 300, Suite 316
Marietta GA 30062
770.792.5533 Office
770.874.1862 Fax
678.251.1827 Direct
Kyle@propertymasters.com

Property Masters wishes to provide the highest level of customer
service.  Our goal is to exceed your expectations!  If the level of
service provided was exceptional, or if I have not met your
expectations, please notify the Property Masters Customer Service Team
(customer.service@propertymasters.com). We welcome any feedback or
suggestions on how to improve your experience.

> On Mar 25, 2014, at 2:32 AM, Jason Harvey <jharvey4128@gmail.com> wrote:
>
> My sleep hours are all messed up with the meds so apologies for emailing late. I forgot to send this over earlier. Funds
hit my account. BoA has your wiring instructions. Thanks.
>
> <IMG_5207-1.png>
>
>

11/7/2016    Case 16-01034-whd    Doc 1    Filed 11/09/16   Entered 11/09/16 12:36:31    Desc Main
Property Masters Mail - Wire_coll.png
Document     Page 25 of 31

>
> Sent from my iPhone

---

**Kyle Cooper** <kyle@propertymasters.com>         Tue, Mar 25, 2014 at 11:43 AM
To: Jason Harvey <jharvey4128@gmail.com>

I am not showing a pending deposit on my end yet. Has your bank sent you a wire confirmation email yet?

Kyle Cooper
Property Masters
200 N. Cobb Pkwy
Building 300, Suite 316
Marietta, GA 30062
770.792.5533 Office
678.251.1827 Direct
770.874.1862 Fax
kyle@propertymasters.com

 *Property Masters*

*Property Masters wishes to provide the highest level of customer service. Our goal is to exceed your expectations! If the level of service provided was exceptional, or if I have not met your expectations, please notify the Property Masters Customer Service Team (customer.service@propertymasters.com). We welcome any feedback or suggestions on how to improve your experience.*

> On Tue, Mar 25, 2014 at 2:32 AM, Jason Harvey <jharvey4128@gmail.com> wrote:
> My sleep hours are all messed up with the meds so apologies for emailing late. I forgot to send this over earlier.
> Funds hit my account. BoA has your wiring instructions. Thanks.
>
> Sent from my iPhone

---

**Jason Harvey** <jharvey4128@gmail.com>         Tue, Mar 25, 2014 at 12:11 PM
To: Kyle Cooper <kyle@propertymasters.com>

I'll give them a shout. Typically I go in and sign for a wire and get the paperwork. Since I gave the banker your info I didn't receive confirmation paperwork. It is 100% for a fact going out. Like I said, I've seen a wire take 10min to a day and a half. I don't typically keep much money in my basic business account so I don't get the privileges you big guys do.

J

Sent from my iPhone
[Quoted text hidden]

---

**Jason Harvey** <jharvey4128@gmail.com>         Tue, Mar 25, 2014 at 1:47 PM
To: Kyle Cooper <kyle@propertymasters.com>

I just spoke to the lady at BoA. The wire is on the to do list of the person in charge that does that but she has stepped out. I promise you on my first born son that it is set up to go. I will get a copy of the confirmation when it sends to you for verification.

Jason

Sent from my iPhone

11/7/2016    Case 16-01034-whd    Doc 1    Filed 11/09/16    Entered 11/09/16 12:36:31    Desc Main
Property Masters Mail - Wire.2014.png
Document    Page 26 of 31

On Mar 25, 2014, at 11:43 AM, Kyle Cooper <kyle@propertymasters.com> wrote:

[Quoted text hidden]

---

**Jason Harvey** <jharvey4128@gmail.com>                                  Wed, Mar 26, 2014 at 8:50 AM
To: Kyle Cooper <kyle@propertymasters.com>

The lady at BoA called just now. I have to come in and sign for the wire due to the type of acct I have. I have a dr check up so that works fine. I'll sign it and get a copy to you.

Once again, for clarity, I apologize for the delay but your money is 100% coming back to you. I know when things drag out people get nervous, as I would too. I'll hit ya when I'm done at the bank. Thank you.

J

Sent from my iPhone

On Mar 25, 2014, at 11:43 AM, Kyle Cooper <kyle@propertymasters.com> wrote:

[Quoted text hidden]

---

**Kyle Cooper** <kyle@propertymasters.com>                                 Wed, Mar 26, 2014 at 3:19 PM
To: Jason Harvey <jharvey4128@gmail.com>

Any update?


Kyle Cooper
Property Masters
200 N. Cobb Pkwy
Building 300, Suite 316
Marietta, GA 30062
770.792.5533 Office
678.251.1827 Direct
770.874.1862 Fax
kyle@propertymasters.com

 *Property Masters*

*Property Masters wishes to provide the highest level of customer service. Our goal is to exceed your expectations! If the level of service provided was exceptional, or if I have not met your expectations, please notify the Property Masters Customer Service Team (customer.service@propertymasters.com). We welcome any feedback or suggestions on how to improve your experience.*

[Quoted text hidden]

---

**Jason Harvey** <jharvey4128@gmail.com>                                 Thu, Mar 27, 2014 at 12:25 AM
To: Kyle Cooper <kyle@propertymasters.com>

Signed late this afternoon.

Again, I've seen it take 5min and I've seen it take more than a day. There's no real reason other than I have the lowest acct possible but it is done.


Sent from my iPhone

[Quoted text hidden]

---

11/7/2016    Case 16-01034-whd    Doc 1    Filed 11/09/16    Entered 11/09/16 12:36:31    Desc Main
Property Masters Mail_emt_03_1.png
Document    Page 27 of 31

**Jason Harvey** <jharvey4128@gmail.com>        Fri, Mar 28, 2014 at 7:18 AM
To: Kyle Cooper <kyle@propertymasters.com>

Update two.

I checked every hour yesterday to see if it had left my acct yet. I spoke with BoA customer service last night and got to
the bottom of why it can take a little longer than normal with my acct. Because it's the lowest tier business acct and I
don't normally have a lot of money, activity or do wire transfers it gets scrutinized a bit more. If I wire $5K, it'd take
5min. When I wire a large sum it throws a red flag for BoA Security to check and takes a little longer.

On my mothers grave and first born son this wire is coming to you. I'll keep emailing you updates so you'll have it in
written form and pick up a scanner and get the receipt to you later today. I apologize for the delay but it will be there
soon.

J

Sent from my iPhone

On Mar 26, 2014, at 3:19 PM, Kyle Cooper <kyle@propertymasters.com> wrote:

[Quoted text hidden]

---

**Kyle Cooper** <kyle@propertymasters.com>        Fri, Mar 28, 2014 at 10:29 AM
To: Jason Harvey <jharvey4128@gmail.com>

Can you cancel the wire and get me a cashiers check. I will come get it today.


Kyle Cooper
Property Masters
200 N. Cobb Pkwy
Building 300, Suite 316
Marietta, GA 30062
770.792.5533 Office
678.251.1827 Direct
770.874.1862 Fax
kyle@propertymasters.com

 *Property Masters*

*Property Masters wishes to provide the highest level of customer service. Our goal is to exceed your expectations! If
the level of service provided was exceptional, or if I have not met your expectations, please notify the Property Masters
Customer Service Team (customer.service@propertymasters.com). We welcome any feedback or suggestions on how
to improve your
experience.*

[Quoted text hidden]

---

**Jason Harvey** <jharvey4128@gmail.com>        Fri, Mar 28, 2014 at 11:03 AM
To: Kyle Cooper <kyle@propertymasters.com>

Actually that's a great idea. I'll call now. I drove down to south ga for the day and will be back tomorrow. If I can stop it
I'll get the check then we can meet tomorrow or Monday and settle up. Good thinking.


Sent from my iPhone
[Quoted text hidden]

---

**Kyle Cooper** <kyle@propertymasters.com>        Fri, Mar 28, 2014 at 11:14 AM
To: Jason Harvey <jharvey4128@gmail.com>

I need to get the money today.

Kyle Cooper
Property Masters
200 N. Cobb Pkwy
Building 300, Suite 316
Marietta, GA 30062
770.792.5533 Office
678.251.1827 Direct
770.874.1862 Fax
kyle@propertymasters.com



*Property Masters wishes to provide the highest level of customer service.  Our goal is to exceed your expectations!  If the level of service provided was exceptional, or if I have not met your expectations, please notify the Property Masters Customer Service Team (customer.service@propertymasters.com). We welcome any feedback or suggestions on how to improve your experience.*

[Quoted text hidden]

---

**Jason Harvey** <jharvey4128@gmail.com>                    Fri, Mar 28, 2014 at 11:52 AM
To: Kyle Cooper <kyle@propertymasters.com>

And that very well may happen. BoA has it listed being processed.

You're money should have been back to you 2 weeks ago and it's my fault it wasn't. I apologize for that but it looks like we're near the end.

Sent from my iPhone

[Quoted text hidden]

---

**Kyle Cooper** <kyle@propertymasters.com>                  Fri, Mar 28, 2014 at 5:19 PM
To: Jason Harvey <jharvey4128@gmail.com>

Nothing is showing on my end as pending?

Kyle Cooper
Property Masters
200 N. Cobb Pkwy
Building 300, Suite 316
Marietta, GA 30062
770.792.5533 Office
678.251.1827 Direct
770.874.1862 Fax
kyle@propertymasters.com



*Property Masters wishes to provide the highest level of customer service.  Our goal is to exceed your expectations!  If the level of service provided was exceptional, or if I have not met your expectations, please notify the Property Masters Customer Service Team (customer.service@propertymasters.com). We welcome any feedback or suggestions on how to improve your experience.*

[Quoted text hidden]

Exhibit "E"

# IN THE SUPERIOR COURT OF COWETA COUNTY
## STATE OF GEORGIA



| | | |
|---|---|---|
| CC FINANCING, LLC | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. 2014V391 |
| V. | ) | |
| FOUNDERS HOLDINGS, LLC and | ) | |
| JASON HARVEY | ) | |
| Defendants. | ) | |

### DEFAULT JUDGMENT

CC Financing, LLC, Plaintiff, having moved, pursuant to O.C.G.A. § 9-11-55(a), for default judgment against Founders Holdings, LLC and Jason Harvey, Defendants, and the Court having heard the argument of counsel and being fully advised, and the Court finding that 15 days have elapsed from the date of default and the default not having been opened as a matter of right or by order of the Court, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment is GRANTED and Plaintiff shall recover of Defendants the total amount of $206,305.00, with interest and costs of this action.

SO ORDERED this ____ day of July 2014.

_____
Judge



STATE OF GEORGIA
COUNTY OF COWETA
THIS IS TO CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF ____
OF THE DOCUMENT ON FILE IN MY OFFICE
WITNESS MY HAND AND OFFICIAL SEAL
THIS ____ DAY OF ____, 2014
CINDY BROWN, CLERK
BY ____ D.C.

FILED IN OFFICE
1/5/2016   01:58 PM
BK:173   PG:425-425
CINDY G BROWN
CLERK OF SUPERIOR COURT
COWETA COUNTY

**WRIT OF FIERI FACIAS**
**IN THE COWETA COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

| | |
|---|---|
| A. Case Number: | 2014-SU-V-391-EP |
| B. Plaintiff(s): | CC FINANCING LLC |
| C. Defendant(s): | FOUNDERS HOLDINGS LLC 22 BAYVIEW DRIVE  NEWNAN  GA 30265<br>HARVEY JASON 22 BAYVIEW DRIVE  NEWNAN  GA 30265 |

| | | |
|---|---|---|
| D. Attorney for Plaintiff(s): | 1. Name: | NORRIS PATRICK R |
| | 2. Address: | REGIONS PLAZA SUITE 2450<br>1180 WEST PEACHTREE ST NW<br>ATLANTA   GA   30309- |
| | 3. Telephone: | 4048553750 |

E. Judgment Amount:

| | | |
|---|---|---|
| 1. Principal: | $206,305.00 | INTEREST SHALL ACCRUE FROM THE DATE |
| 2. Principal: | | HEREOF ON THE PRINCIPAL SUM AT THE |
| 3. Interest: | | STATUTORY RATE AS PROVIDED BY O.C.G.A. 7-4- |
| 4. Interest: | | 12, UNTIL PAID. |
| 5. Interest - Other: | | |
| 6. Attorney's Fees: | | |
| 7. Court Costs: | $305.00 | |
| 8. Fifa Issue Enter: | $5.00 | |

| | |
|---|---|
| F. Total Judgment Amount: | |
| G. Judgment Date: | 07/18/2014 |
| H. Fi. Fa. in Hands of: | PATRICK R NORRIS |
| I. Judge: | HONORABLE EMORY PALMER |
| J. Date Writ of Fieri Facias Signed by Clerk: | 01/05/2016 |

TO ALL AND SINGULAR the sheriffs of the State, their lawful deputies, and the constables of the Court:

You are commanded to:
    1. Levy and seize upon the goods, chattel (personal and movable property), lands and tenements of the above-named Defendant(s) to satisfy the judgment in the sums stated above (E) (1-5), including interest from the date of judgment at the legal rate;
    2. Deliver and make a return of said goods, chattel, lands and tenements to the Court. The following property (if described herein) shall be levied upon:

    3. Deliver the sums, plus applicable interest and costs, enumerated in (E) above, to the Court to render to the Plaintiff(s).
    Witness the Honorable Judge of Court (I) named above, on the date stated (J).

CINDY G. BROWN | Beth Robertson, DC
COWETA COUNTY SUPERIOR COURT

**CANCELLATION**

The within and foregoing Fi. Fa., having been paid in full, the Clerk of Superior Court is hereby directed to cancel it of record on the date stated h

| Signature: | Title: | Date: |
|---|---|---|
| | | |

FILING INFORMATION

| Date Filed: | Filed By: |
|---|---|
| Execution/Lien Book Number: | Title: |
| Page Number: | Signature: |

SHERIFF'S RETURN

A. Diligent Search -- Property Not Found.

A diligent search was made and no property of the Defendant(s) was found in COWETA County on which to levy this Fi. Fa. Name of Defendant(s):

| Date of this Return: | Signature and Title of Person Making this Return: |
|---|---|
| | |

B. Property Levied and Seized Upon.

State of Georgia

COWETA County

I have this day executed the within Fi. Fa. by levying upon and seizing upon the following described property of the Defendant(s), to wit:

Where Levy Occurred (Location):

| Date of this Return: | Signature and Title of Person Making this Return: |
|---|---|
| | |

C. PROPERTY KNOCKED DOWN.

The property described in this levy was knocked down to:

| | |
|---|---|
| Sheriff's Service | $ |
| Sheriff's Commission | $ |
| Sheriff's Deed | $ |
| Sheriff's Levy | $ |
| Advertising Fee | $ |
| Other | $ |
| Total | $ |
| Net Proceeds | $ |

| Date of this Return: | Signature and Title of Person Making Return: |
|---|---|
| | |