**IT IS ORDERED as set forth below:**



Date: January 31, 2017

_____

W. Homer Drake
U.S. Bankruptcy Court Judge

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| JASON ROBERT HARVEY, | : | 16-12022-WHD |
| Debtor | : | |
| _____ | : | |
| CC FINANCING, LLC, | : | ADVERSARY PROCEEDING |
| Plaintiff, | : | NO. 16-1034-WHD |
| v. | : | |
| JASON ROBERT HARVEY, | : | IN PROCEEDINGS UNDER |
| Defendant. | : | CHAPTER 7 OF THE |
|  | : | BANKRUPTCY CODE |

**ORDER**

Before the Court is the Motion for Default Judgment filed by CC Financing, LLC (hereinafter CCF), in the above-styled adversary proceeding. CCF seeks default judgment on its complaint contesting the dischargeability of a debt owed by

Jason Robert Harvey (hereinafter the "Debtor"). This is a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(a), (b)(2)(I), 1334.

## Procedural History

CCF filed its complaint initiating this adversary proceeding on November 9, 2016. On November 11, 2016, CCF served process on the Debtor. The Debtor never filed a responsive pleading. On December 16, 2016, CCF filed a request for entry of default, and that same day the Clerk entered default against the Debtor. CCF then filed the instant motion on December 20, 2016.

## Default Judgment Principles

A court may enter judgment against a party who fails to defend his case. Fed. R. Civ. P. 55; *see also* Fed. R. Bankr. P. 7055 (making Rule 55 applicable in adversary proceedings); *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244 (11th Cir. 2015) (per curiam) ("When a defendant has failed to plead or defend, a district court may enter judgment by default."). When a defendant does not respond to the plaintiff's complaint, he is "deemed to admit the plaintiff's well-pleaded allegations of fact, [but] he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain*, 789 F.3d at 1245; *accord Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam). Finally, a court may only enter default judgment if the plaintiff's well-pleaded

allegations of fact "actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC*, 218 F. App'x at 863; *see also Surtain*, 789 F.3d at 1245 ("[T]he standard [is] akin to that necessary to survive a motion to dismiss for failure to state a claim.").

With these guiding principles in mind, the Court turns to the facts stated in CCF's complaint.

## Background

On October 18, 2013, the Debtor, who controlled a company called Founders Holding, LLC (hereinafter "Founders"), approached a representative of CCF, David Kyle Cooper, about a real-estate investment deal in Liberty County, Georgia. The Debtor had previously worked with CCF and Mr. Cooper on various landscaping projects and on the development of a "real estate technology application." The Debtor had always conducted himself in a respectable and business-like manner.

On this occasion, the Debtor proposed that the parties should purchase real property together, then sell the property and split the profits. Subsequently, Founders and CCF entered into an agreement whereby CCF would provide $200,000 in earnest money for the purchase of the property. The total sale price was $1.1 million.

On October 21, 2013, CCF wired the $200,000 to Founders's bank account at Bank of America. The parties had previously agreed that Founders was to transfer the $200,000 to the escrow agent named in the contract for the purchase of the property. However, Founders never transferred the money. After a sequence of correspondence between the Debtor and CCF wherein the Debtor alleged that the deal was still being worked out, the Debtor admitted on March 29, 2014, that he had never transferred the money to the escrow agent. Instead, the Debtor had held onto the money in order to obtain a home loan for his house. CCF alleges that the Debtor never intended to send the money to the escrow agent.

On April 14, 2014, CCF filed a lawsuit against the Debtor and Founders in the Superior Court of Coweta County. After the Debtor and Founders failed to answer the complaint in that case, the Superior Court entered default judgment in the amount of $206,305 against both defendants for fraud on July 18, 2014.

The Debtor filed his petition under Chapter 7 on October 6, 2016. As recounted above, CCF filed the instant adversary proceeding on November 9, 2016. CCF seeks a determination that the debt owed as a result of the Superior Court's judgment is nondischargeable pursuant to paragraphs (a)(2)(A), (a)(4), and (a)(6) of § 523 of the Bankruptcy Code. *See* 11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6).

**Discussion**

Before addressing CCF's individual counts, the Court notes that exceptions to discharge are to be narrowly construed. *E.g.*, *Bank of N. Ga. v. McDowell (In re McDowell)*, 497 B.R. 363, 368 (Bankr. N.D. Ga. 2013) (Drake, J.); *First Nat'l Bank of Griffin v. Wyatt-Frizzell (In re Frizzell)*, 2006 WL 6589889, at *2 (Bankr. N.D. Ga. Aug. 8, 2006) (Drake, J.). Additionally, the party seeking to have a debt declared nondischargeable bears the burden of proving the applicability of the exception by a preponderance of the evidence. *See HSSM #7 Ltd. P'ship v. Bilzerian (In re Bilzerian)*, 100 F.3d 886, 892 (11th Cir. 1996) (per curiam); *Gen. Retirement Sys. of the City of Detroit v. Dixon (In re Dixon)*, 525 B.R. 827, 840 (Bankr. N.D. Ga. 2015) (Hagenau, J.).

A. § 523(a)(2)(A)

Section 523(a)(2)(A) excepts from discharge debts "for money…obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Courts use a four-element test to determine whether this exception applies to a given debt: "(1) the debtor made a false representation…with intent to deceive the creditor; (2) the creditor actually relied on the misrepresentation; (3) the creditor's reliance was justifiable; and (4) the misrepresentation caused a loss

to the creditor." *In re McDowell*, 497 B.R. at 372; *see also In re Bilzerian*, 100 F.3d at 892.

In its complaint, CCF urges the Court to apply the doctrine of collateral estoppel and give preclusive effect to the Superior Court's fraud judgment. "The doctrine of collateral estoppel seeks to prevent the re-litigation of issues previously contested and determined by a valid and final judgment in another court." *Caitlin Energy, Inc. v. Rachel (In re Rachel)*, 527 B.R. 529, 537 (Bankr. N.D. Ga. 2015) (Hagenau, J.). While a Bankruptcy Court may not apply collateral estoppel to "the ultimate issue of dischargeability," *see Johnson v. Griffin (In re Griffin)*, 1999 WL 33591982, at *2 (Bankr. S.D. Ga. June 24, 1999), it may "utilize[] issue preclusion to reach conclusions about facts that the court would then consider as 'evidence of nondischargeability,'" *Halpern v. First Ga. Bank (In re Halpern)*, 810 F.2d 1061, 1064 (11th Cir. 1987). Because "a federal court must accord [a state court] judgment the same preclusive effect as it would be given under the law of the state in which the judgment was rendered," this Court must determine whether the Superior Court's judgment is entitled to preclusive effect in this case using Georgia law. *In re Rachel*, 527 B.R. at 537. A judgment of a Georgia court will be given preclusive effect so long as the following elements are met:

> (1) identity of the parties is the same; (2) identity of the issues is the same; (3) actual and final litigation of the issue in question occurred; (4) the adjudication was essential to the earlier action; and (5) the parties had a full and fair opportunity to litigate the issues in question.

*Id.*

In the instant proceeding, the identity of the parties is the same: the Debtor and CCF. Though Founders was also a party to the action in the Superior Court, it is not necessary that all parties from the prior action are present in the action where collateral estoppel is being applied, so long as the parties that collateral estoppel will affect were involved in the earlier case. *Cf. Gamble v. Gamble*, 48 S.E.2d 540, 544 (Ga. 1948) (quoting *Darling Stores Corp. v. Beatus*, 33 S.E. 2d 701, 701 (Ga. 1945)) ("[I]t is not required that all parties on the respective sides of the llitigation in the two cases shall have been identical, but it is sufficient as to identity of parties if those by and against whom res judicata is invoked in the latter case were real parties at interest or privies as to the controversy in the former case.").

There is also an identity of issues between this proceeding and the action in the Superior Court. The allegation in CCF's complaint, which this Court must treat as admitted, is that the Superior Court's judgment was entered for fraud. In Georgia, "fraud has five elements: a false representation, scienter, an intention to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damage to the plaintiff." *Anderson v. Atlanta Comm. for Olympic Games, Inc.*, 584 S.E.2d 16, 21 (Ga. 2003); *accord* CHARLES R. ADAMS, III, GEORGIA LAW OF

TORTS § 32:1 (2016-2017 ed.). These elements track almost exactly the elements of a § 523(a)(2)(A) claim. *See Sterling Factors, Inc. v. Whelan*, 245 B.R. 698, 705-06 (N.D. Ga. 2000) ("The court finds the requirements for a fraud claim under Georgia law sufficiently identical to the elements required for a showing of fraud pursuant to 11 U.S.C. § 523(a)(2)(A) to meet the first prong of the collateral estoppel test."). Therefore, there is an identity of issues between this proceeding and the Superior Court action.

The third and fourth requirements for applying collateral estoppel are also met. In Georgia, "a default judgment is a decision on the merits," thus satisfying the requirement for "actual litigation." *League v. Graham (In re Graham)*, 191 B.R. 489, 495 (Bankr. N.D. Ga. 1996) (Drake, J.). Additionally, because the Superior Court action sounded in fraud, the fourth requirement ("essential judgment") was also met, as the Superior Court must have "decide[d] those issues pertinent to a claim of 'actual fraud' under 11 U.S.C. § 523(a)(2)(A)" in reaching its judgment. *See id.* (citing *Moore v. Gill (In re Gill)*, 181 B.R. 666, 672-75 (Bankr. N.D. Ga. 1995) (Drake, J.)).

Finally, the Court also concludes that the parties had a "full and fair opportunity to litigate." "[A]s a general rule, when a question of fact is put in issue by the pleadings, is submitted to the trier of fact for its determination, and is determined, that question of fact has been 'actually litigated.'" *In re Rachel*, 527

B.R. at 537 (quoting *Lusk v. Williams (In re Williams)*, 282 B.R. 267, 272 (Bankr. N.D. Ga. 2002) (Mullins, J.)). Here, the issue of the Debtor's fraud was presented to the Superior Court and the Superior Court rendered its judgment. As a default judgment is a judgment on the merits, the issue was "actually litigated." *See In re Graham*, 191 B.R. at 495.

Inasmuch as all the requirements for collateral estoppel have been met, the Court concludes that CCF's complaint alleges sufficient facts to support a finding that the debt owed by the Debtor as a result of the Superior Court's judgment arose from the Debtor's fraudulent conduct and therefore is excepted from discharge pursuant to § 523(a)(2)(A).

B. § 523(a)(4) and § 523(a)(6)

Because the Court has determined that the debt is excepted from discharge pursuant to § 523(a)(2)(A), the Court need not address whether it is also excepted from discharge under paragraphs (a)(4) and (a)(6). *Cf. Protos v. Silver (In re Protos)*, 322 F. App'x 930, 932-33 (11th Cir. 2009) (per curiam) ("A finding against the Appellant under any single subsection of section 727 is sufficient to deny him a discharge.").

## Conclusion

In accordance with the foregoing, it is hereby **ORDERED** that CCF's Motion for Default Judgment is **GRANTED**. The $206,305 debt owed by the

Debtor to CCF as a result of the Superior Court's judgment is excepted from discharge in its entirety, and the Court will enter judgment in conformity with this Order.

The Clerk is **DIRECTED** to serve this Order on CCF, the Debtor, respective counsel (if any), and the Chapter 7 Trustee.

**END OF DOCUMENT**